IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDA B. PHILPOT,

     **Plaintiff,**

     **v.**

PEACH STATE HEALTH PLAN,
INC.,

     **Defendant.**

CIVIL ACTION NO.
1:20-CV-1760-TWT-CCB

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendant's second motion to dismiss. (Doc. 26). Defendant seeks dismissal of Plaintiff's complaint for insufficient service of process under Federal Rules of Civil Procedure 12(b)(5) and 4(m). (Doc. 26-1 at 2). For the reasons discussed below, the undersigned **RECOMMENDS** that Defendant's motion to dismiss, (Doc. 26), be **GRANTED**.

## I.    BACKGROUND

Plaintiff Linda Philpot initiated this action on April 24, 2020, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Title VII), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* (ADEA). (Doc. 1 at 1–2). On September 1, 2020, Defendant filed its first motion

to dismiss, asserting ineffective service of process. (Doc. 10). The Court recommended, in its Report and Recommendation (R&R), that the motion to dismiss be granted in part[1] because Plaintiff herself mailed the summons to Defendant, which as a party she was not permitted to do; Plaintiff improperly served process by mail; and Plaintiff attempted to serve Defendant at an improper address. (Doc. 20). The District Judge adopted the R&R, affording Plaintiff 21 days from July 19, 2021—the date of the order—to properly serve Defendant. (Doc. 23).

On August 4, 2021, Plaintiff filed two returns of service. (Docs. 24, 25). The first return of service states that the summons was for Peach State Health Plan, Inc. and that "Terrance Turner/Mail Room" was served at 1100 Circle 75 Atlanta, Georgia, 6th Floor on July 29, 2021. (Doc. 24). The second return of service states that the summons was for Peach State Health Plan Inc. c/o Littler Mendelson and that "Kurt Peterson/Attorney Authorized" was served at 3424 Peachtree Rd. Atlanta, Georgia 30326 on August 3, 2021. (Doc. 25).

---

[1] The Court declined to recommend dismissal of the case in its entirety, as Defendant requested. Rather, the Court recommended that Plaintiff be given 21 days from the date of the District Court's order to properly effect service. (Doc. 20 at 15). This was in part because Plaintiff is *pro se* and because of the timeliness issue Plaintiff would face if the case were dismissed and she attempted to refile her claims. *Id.*

On August 18, 2021, Defendant filed its second motion to dismiss, which is the motion currently before the Court. (Doc. 26). Plaintiff filed a response,[2] (Docs. 27, 29), and Defendant replied. (Doc. 28). Based on the following, the Court recommends that this case be **DISMISSED**.

## II.    DEFENDANT'S MOTION TO DISMISS

Defendant asserts that Plaintiff's complaint should be dismissed for insufficient service of process. (Doc. 26-1 at 2). Defendant argues that Plaintiff's attempts to serve Mr. Turner and Mr. Peterson were ineffective under both federal and state law, despite Plaintiff receiving a "roadmap" from the Court in the R&R explaining how to accomplish service on Defendant's registered agent. *Id.* at 2, 6–

---

[2] For purposes of resolving the motion to dismiss, the Court construes Doc. 27 ("Request for the Court[']s Acceptance of Service of Summons to [Defendant] and Allow Continuance of Case with Request to Reject Defendant's Roadblocks and Repeated Motions to Dismiss without Good Cause") and Doc. 29 together as Plaintiff's response to Defendant's motion to dismiss, and Doc. 28 (Defendant's "Response in Opposition" to Plaintiff's motion) as a reply. *See generally Muse v. Bank of New York as Trustee for Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2006-16*, No. 1:08-CV-108-GET-JFK, 2008 WL 11470714, at *2 (N.D. Ga. Aug. 12, 2008) (noting that when a court is resolving a motion for ineffective service of process, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record") (internal quotation marks omitted), *adopted by* 2008 WL 11470779 (N.D. Ga. Sept. 15, 2008). Although the Clerk docketed Plaintiff's briefs as motions, they are more properly viewed as response briefs in opposition to Defendant's motion.

7. Defendant contends that Mr. Turner had no supervisory or managerial authority in his mail room position and has never accepted service on behalf of Defendant, and that Mr. Peterson was not Defendant's designated agent and not Defendant's attorney *at all*. *Id.* at 7–8.

In response, Plaintiff argues that she received no "roadmap" from the Court, (Doc. 27 at 2, 4), as referenced by Defendant, and that she attempted to comply with Rule 4 by hiring two process servers to deliver the summons to Defendant, *id.* at 2. Plaintiff argues that the process servers delivered the summons and complaints to individuals at Peach State Health Plan, Inc. and Littler Mendelson, P.C. who stated that they were authorized to receive "the documents," and that the complaint and summons were properly served. *Id.* at 3, 5. She argues that Littler Mendelson, the law firm employed by Defendant, has "repeatedly placed obstacles" in her way, including: misidentifying Defendant as Peach State Health Plan rather than Peach State Health Plan, Inc.; not noting in company documents that Centene Corporation and its subsidiaries were separate entities; and "inadequate service of summons by mail." *Id.* at 4. Plaintiff also asks whether she may conclude that Littler Mendelson and Defendant already have the summons and complaint based on the mailed documents she received from Littler

Mendelson on September 11 and October 1, 2021. (Doc. 29 at 3). Plaintiff argues that she "honored [Littler Mendelson's] rule that they would only accept the summons from a process server, *id.*, and asks whether she is allowed to serve "personally" and whether Defendant is willing to provide her the name of an agent authorized to receive service, *id.* at 5. Finally, she requests that if the Court deems it necessary for her to serve Defendant again, that the Court order service to be made by her personally. *Id.* at 5.

Defendant replied, arguing that Plaintiff has failed to follow the Court's express instructions on how to perfect service and that "Plaintiff should not now be allowed to circumvent service requirements." (Doc. 28 at 2). Defendant argues that it is not intentionally evading service, that the "roadblocks" to which Plaintiff refers are put in place by the Federal Rules of Civil Procedure, not Defendant, and that Defendant is entitled to file motions to dismiss. *Id.* Defendant contends that Plaintiff's request for relief is not a response to its motion, but that even if it could be construed as such, it is untimely. *Id.* at 4. Further, Defendant argues again that Plaintiff has not properly served Defendant, that she has made no additional attempts to perfect service, and that Defendant has no affirmative obligation to assist Plaintiff with service. *Id.* at 4–7. Finally, Defendant argues that even if Mr.

5

Turner and Mr. Peterson said they could "accept documents," such statements would not establish that either individual was authorized to accept service on behalf of Defendant or transform them into Defendant's agents. *Id.* at 7–8.

## III.  DISCUSSION

### a.  Timeliness

Defendant argues that, even if the documents that Plaintiff filed could be construed as response briefs, they are untimely. (Doc. 28 at 4).

Under the Local Rules, a party opposing a motion other than for summary judgment must file her response "not later than fourteen (14) days after service of the motion," and failure to do so indicates that there is no opposition to the motion. LR 7.1(B), NDGa. Defendant filed its motion to dismiss on August 18, 2021, and Plaintiff's response was, therefore, due on September 1, 2021. (*See* Doc. 26). Plaintiff did not file any response until September 13, 2021. (Doc. 27).

Even adding three additional days for service by mail, *see* Fed. R. Civ. P. 6(d), Plaintiff's filings were not timely responses to Defendant's motion. Nevertheless, the Court exercises its discretion to consider the arguments Plaintiff makes in those filings, to which Defendant has had an opportunity to reply.

### b. Service

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service . . . must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). On a motion to dismiss for lack of service of process, the defendant has the initial burden to demonstrate the absence of sufficient service of process. *See T-12 Entm't, LLC v. Young Kings Enters., Inc.*, 36 F. Supp. 3d 1380, 1391–92 (N.D. Ga. 2014) (describing the defendant's initial burden); *Mitchell v. Volkswagen Grp. Of Am., Inc.*, 753 F. Supp. 2d 1264, 1268 (N.D. Ga. 2010) (holding that a defendant, "as the party challenging service of process, bears the burden of showing the impropriety"). The serving party, however, ultimately "bears the burden of proof with regard to validity of service." *Pelmore v. Pinestate Mortg. Corp.*, No. 1:09-CV-2313-TWT, 2010 WL 520767, at *2 (N.D. Ga. Feb. 8, 2010) (internal quotation marks omitted); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1297 (N.D. Ga. Aug. 18, 2009) (citing *Sys. Sings Supplies v. U.S. Dep't of Jus.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). Where a court is resolving a motion for

ineffective service of process, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record." *Muse*, 2008 WL 11470714, at *2 (internal quotation marks omitted).

Rule 4(h) provides for service of process on a corporation, partnership, or other unincorporated association:

> (1) in a judicial district of the United States:
>   (A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>   (B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). Rule 4(e)(1), in turn, allows service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Defendant argues that Plaintiff's service of Mr. Turner and Mr. Peterson was ineffective under Rule 4(h)(1) because she did not satisfy the state law

requirements for service as required by subsection (A), *see also* Fed. R. Civ. P. 4(e)(1), and she did not serve "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" as required by subsection (B). (Doc. 26-1 at 6).

Under Georgia law, a plaintiff may serve a defendant corporation by delivering a copy of the summons and complaint to "the president or other officer of such corporation or foreign corporation, a managing agent[3] thereof, or a registered agent thereof," or, if service to such individuals cannot be made, to the Secretary of State along with certification that the plaintiff has "forwarded by registered mail or statutory overnight delivery" such service "to the last registered office or registered agent listed on the records of the Secretary of State." O.C.G.A. § 9-11-4(e)(1)(A). The Eleventh Circuit has noted that "the Georgia cases do not create a high threshold for the amount of authority necessary to make an employee a valid agent to receive process." *Henderson v. Cherry, Bekaert & Holland*, 932 F.2d 1410, 1412 (11th Cir. 1991). However, service of process "must be made on an agent

---

[3] The term "managing agent" means "a person employed by a corporation or a foreign corporation who is at an office or facility in this state and who has managerial or supervisory authority for such corporation or foreign corporation." O.C.G.A. § 9-11-4(e)(1)(B).

whose position is such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him." *Id.* "Georgia courts also consider the fact of actual notice in answering the question of whether an employee is a valid agent for receipt of service." *Id.* at 1413 (noting that the fact defendant received "timely actual notice" of the suit was relevant in holding that service was proper upon a company employee with managerial authority). In general, state and federal courts in Georgia have deemed service proper when the individual served had some level of managerial or supervisory authority. *Id.* at 1412–13 (comparing cases and generally finding service improper when effectuated on secretaries and receptionists but proper when effectuated on those with some level of managerial responsibility); *Lee v. Bank of Am., N.A.*, No. 7:13-CV-8 (HL), 2013 WL 2120312, at *1, 2 (M.D. Ga. May 15, 2013) (finding service effective when summons left with a bank vice president); *Scott v. Atlanta Dairies Co-op.*, 238 S.E.2d 340, 343 (Ga. 1977) (holding service effective on the person in charge of a company's branch office, who was not "a mere clerk, laborer, mechanic or servant").

Defendant argues that service was improper on Terrance Turner, who was "simply the person working in the mailroom when the courier dropped off the

summons and complaint." (Doc. 26-1 at 6). Defendant argues that because Mr. Turner had no supervisory or management authority and has never accepted service on behalf of Defendant, he was not a proper agent for service under Rule 4(h)(1) or under Georgia law. *Id.* at 6–7. In his declaration, Mr. Turner states that he is a Mail Production Specialist,[4] that the courier of the service documents stated that she was trying to deliver a legal document, that he briefly reviewed them, and, believing they were related to a compliance matter, thereafter provided them to the Senior Manager of Compliance, Chris Wilde. (Doc. 26-2 at 2–3). He states that he is not authorized by his employer to accept service on their behalf, he has never accepted service on his employer's behalf, he is not a president or officer, and he does not have managerial authority. *Id.*

The Court finds that Mr. Turner's position is simply not one that would "afford reasonable assurance that he [would] inform his corporate principal that . . . process has been served upon him." *Henderson*, 932 F.2d at 1412. Although Mr. Turner did provide the service documents to the Senior Manager of Compliance after receiving them, such is not the threshold to make an individual a proper one

---

[4] Mr. Turner states that he is employed by Centene Corporation, which is the parent company of Defendant. (Doc. 26-2 at 2).

to be served. *See Rehman v. Belisle*, 751 S.E.2d 97, 98 (Ga. 2013) (noting that a defect in service is "not cured by the fact that defendants had actual knowledge that the petition had been filed against them"). Even if the Senior Manager of Compliance was a proper individual to be served, he was not the one served here, and there is no evidence that Mr. Turner indicated that he was authorized to receive service, that he knew who was authorized to receive service, or that he even knew the "legal documents" he received were service documents. *Contra Northwestern Nat. Ins. Co. v. Kennesaw Transp., Inc.*, 309 S.E.2d 917, 918–919 (Ga. Ct. App. 1983) (holding that the trial court was authorized to find service upon an employee "whose job description entailed the duties and activities of a clerk in the mail department" was proper and that the process servers reasonably believed she was authorized to accept service where the process servers went to the defendant's office, asked for the registered agent for service by name, and the employee told them that the registered agent was not available for service but that she would accept service (internal quotation marks omitted)).

Here, the only evidence before the Court is the declaration of Mr. Turner, where he states that he was told only that the documents were "legal" in nature and that he is not authorized to accept service on Centene's behalf. (Doc. 26-2).

Plaintiff offers no affidavit from the process server or anyone else to contradict Mr. Turner's statements. Instead, Plaintiff simply states in her brief that Mr. Turner stated "yes," regarding whether he was authorized to receive "the documents." (Doc. 27 at 3). But even if the Court considered this unsworn allegation, it does not establish that Turner was authorized to receive service or that he knew the documents he was given were service documents—and, again, Plaintiff does not offer evidence to the contrary. Indeed, Mr. Turner states that the process server simply described the package as a "legal document." (Doc. 26-2 at 2). Given his role as a Mail Production Specialist, it would not necessarily have been unreasonable for Mr. Turner to accept a document in the mailroom. But that is simply not sufficient for Plaintiff—who has the burden to demonstrate effective service—to conclude that Mr. Turner was authorized to accept service of a summons and complaint on Defendant's behalf. Georgia law requires the person to have some level of managerial responsibility, and Mr. Turner gave Plaintiff no reason to think that he had a job with such authority. The Court finds that service on Mr. Turner was not proper.

As to Kurt Peterson, Defendant argues that service was improper because Mr. Peterson "is not employed by Defendant, does not represent Defendant, is not

an attorney of record in this case, and is not 'authorized by appointment or by law to receive service of process.'" (Doc. 26-1 at 6). Other judges on this court have held that "service upon counsel is ineffectual, unless the party has appointed his attorney his agent for service of process, or it is otherwise authorized by law." *Miree v. U.S.*, 490 F. Supp. 768, 775 (N.D. Ga. Feb. 20, 1980); *see also Evans v. Wal-Mart*, No. 1:10-CV-42-WSD, 2010 WL 11603090, at *2 (N.D. Ga. July 28, 2010) (same). Here, there is no evidence that Defendant appointed Mr. Peterson as its agent for service of process, nor is there evidence that Mr. Peterson was Defendant's counsel at all. In his declaration, Mr. Peterson states that he is a shareholder and attorney at Littler Mendelson, P.C. in Atlanta, Georgia; that a courier handed him the service documents in question on August 31, 2021 as he entered the elevator lobby of Littler Mendelson's Atlanta office; that the courier did not provide her name or affiliation; that the courier asked him whether he was the attorney at Littler Mendelson; that he responded he was one of the many attorneys there; that she presented him the service documents; that he "briefly reviewed the documents" and saw they pertained to a lawsuit that he was not involved in handling; and that he placed the documents on the desk of Littler's office manager and notified her that he had done so. (Doc. 26-3 at 2–3). He further

14

states that he is not authorized by Defendant or Centene to accept service on their behalf, that he has not accepted service on their behalf in the past, and that he is not an agent of Centene or the attorney of record in any matters. *Id.* at 3. Based on the foregoing, the Court finds that service on Mr. Peterson was improper. There is simply nothing to suggest that Defendant appointed Mr. Peterson as its agent for service of process. Indeed, there is nothing to suggest that Mr. Peterson himself represents Defendant in any capacity at all—he states that he is not the attorney of record for Centene in any lawsuits or administrative charges. *Id.* at 3.

All told, Defendant has met its initial burden to show that service is deficient under Federal and Georgia law, and Plaintiff has not met her burden to prove that service was effective. Plaintiff argues that she followed Rule 4 by hiring two process servers to deliver the summons to Defendant. (Doc. 27 at 2–3). Plaintiff is correct that, under Rule 4, she was not permitted to effectuate service herself and that it was proper to hire process servers to do so. As discussed, however, Rule 4 requires not only that service be made *by* a proper individual, but also that service be made *upon* the proper individual. And here, service was not made *upon* the proper individuals. Plaintiff indicates that she was unaware of any "roadmap" informing her how to perfect service, (Doc. 27 at 2, 4), and also requests "the name

15

of an agent authorized to receive service." (Doc. 29 at 5). The roadmap to which Defendant refers, and of which Plaintiff states she is unaware, comes from the Court's R&R, which the Clerk's Office mailed to Plaintiff. (Docs. 20, 21). In the R&R, the Court specifically identified Defendant's registered agent for service of process, and provided Plaintiff with the proper address at which the agent could be served. (Doc. 20 at 11). Despite the Court providing this information, Plaintiff's process servers did not serve this agent. Plaintiff has failed to show proper service, and Defendant's motion to dismiss should be granted.

> The Federal Rules of Civil Procedure provide that:
>
> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Defendant argues that the action should now be dismissed, implying that Defendant believes good cause does not exist to further extent the time for service. (Doc. 26-1 at 9). Plaintiff asserts that Defendant has "placed obstacles" in her path regarding the case, and she asks that the Court accept service and allow her case to continue. (Doc. 27 at 4–5). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or

16

negligence, prevented service." *Profit v. Americold Logistics,* LLC, 248 F.R.D. 293, 296 (N.D. Ga. Jan. 7, 2008) (internal quotation marks and alteration omitted); *see also* Fed. R. Civ. P 4(m) advisory committee's note to 1993 amendment ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."). Further, the Court retains discretion "to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

Here, Plaintiff cites generally to "[p]andemic complications" and contends that Defendant has placed obstacles in her path and refused to accept service. (Doc. 27 at 5). However, Plaintiff has offered no evidence of such behavior. The Court provided Plaintiff specific information regarding the proper agent to be served and the proper address to serve them, but Plaintiff's process servers did not serve the registered agent at that address. The Court gave Plaintiff an opportunity to serve Defendant after her initial efforts failed, and she has not demonstrated why she should be given yet another chance to do what she was required to do many months ago. As such, the undersigned recommends that the case should now be dismissed.

17

**IV.    CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS** that

Defendant's motion to dismiss, (Doc. 26), be **GRANTED**.

There are no other matters pending in this case, and the Clerk is directed to

terminate the referral to the undersigned.

**IT IS SO RECOMMENDED,** this 28th day of December, 2021.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

18